***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Glenn with modifications.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All the parties are bound by and subject to the North Carolina Workers' Compensation Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. Plaintiff was employed by defendant-employer from on or about August 17, 1988 until March 12, 1990.
3. Defendant-employer was an approved self-insured with Sedgwick CMS acting as its third party administrator at all relevant times herein.
4. The following exhibits were admitted into evidence at the hearing before the deputy commissioner:
 a. Stipulation #1, consisting of 15 pages; and
 b. Defendant's #1, only the questions and answer to questions #14 and #16.
5. The issues to be determined from are as follows:
 a. Whether plaintiff developed an occupational disease as a result of his employment with defendant-employer?
 b. If so, to what, if any, workers' compensation benefits is plaintiff entitled to recover under the North Carolina Workers' Compensation Act?
 c. Whether either party is entitled to attorney's fees?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS *Page 3 
1. Plaintiff worked for defendant-employer from about August 17, 1988 until March 12, 1990. Plaintiff also worked for Fieldcrest Cannon, Inc. from July 1983 to February 1988 and March 1990 to June 1999.
2. Plaintiff's job with defendant-employer as a deflasher involved the production of asbestos containing automobile parts. In this position plaintiff was required to file and grind automobile parts, which contained asbestos, to get them into the proper shape. Plaintiff performed this job eight hours per day, five to six days per week. The filing and grinding that plaintiff and other workers in the same job performed created a lot of dust which they breathed. The dust would get on their faces, bodies, and clothes. The dust that was being created was continually stirred by the fans in the work area. In addition to plaintiff, there were 35 to 50 other workers performing the same job. At the end of the shift, each deflasher would clean their area and fill a trash can with the asbestos debris from the deflashing process. Plaintiff was exposed to asbestos while performing the deflasher position with defendant-employer.
3. Plaintiff also worked on a water jet machine while working for defendant-employer. While in this position he continued to be exposed to asbestos that was falling from the pipe insulation which was in poor condition.
4. In his employment with Fieldcrest Cannon, Inc., plaintiff held two separate jobs, in two separate areas of the Fieldcrest Cannon, Inc., facility. In the first job from July 1983 to February 1988, plaintiff worked approximately 100 to 150 feet away from asbestos insulated pipes. Plaintiff was around the insulation approximately once a week. The pipes at Fieldcrest Cannon, Inc., were in good shape, and plaintiff did not see dust coming down from the insulation. This job did not require him to work with asbestos. In 1988 plaintiff went to work for Aeroquip. *Page 4 
5. When plaintiff returned to Fieldcrest Cannon, Inc. in 1990, he worked in an area far removed from asbestos containing material and there was no evidence offered that he was exposed to any asbestos dust during the second period of employment. During this period of employment through June 1999, plaintiff worked dispatching trucks and sewing towels with sewing machines.
6. During the period of time in between periods of employment with Fieldcrest Cannon, Inc., while plaintiff was employed by defendant-employer, a large amount of asbestos containing material was removed from Fieldcrest Cannon, Inc.'s facility and replaced with new insulation.
7. On June 7, 2000, plaintiff was examined by Dr. Stephen Proctor, a board certified pulmonologist, who diagnosed him with pleural thickening and asbestosis due to asbestos exposure. After examining plaintiff and taking a work history, Dr. Proctor is of the opinion that plaintiff developed asbestosis and thickening of the pleura as a result of his exposure to asbestos dust while employed by defendant-employer. Dr. Proctor referred plaintiff for a pulmonary function test. The pulmonary function test showed moderate restrictive impairment of plaintiff's lungs which was consistent with asbestosis. Dr. Proctor opined and the Full Commission finds that plaintiff's exposure to asbestos placed him at an increased risk greater than the general public of developing pleural thickening.
8. Dr. Fred Dula, a board certified diagnostic radiologist, is in agreement with Dr. Proctor's opinion. Dr. Dula has been specifically trained to review radiology for individuals exposed to dust in the work place. Dr. Dula opined based upon his review of plaintiff's chest x-rays and the history of his employment, that plaintiff's x-rays are consistent with asbestosis and bilateral pleural thickening along plaintiff's chest walls. *Page 5 
9. The greater weight of the credible evidence shows that plaintiff developed asbestosis and pleural thickening as a result of his exposure to asbestos while employed by defendant-employer.
10. The Full Commission finds based upon the greater weight of the evidence that plaintiff has failed to present sufficient evidence to establish disability as a result of his asbestosis and his occupational pleural disease. However, the Full Commission finds that plaintiff has sustained permanent damage to his lungs, which are important internal organs.
11. The Full Commission finds based upon the greater weight of the credible evidence that plaintiff was last injuriously exposed to the hazards of asbestos while employed by defendant-employer.
12. Neither party has shown that this case was brought or defended on an unreasonable basis.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The claimant bears the burden of proving the existence of an occupational disease. Gay v. J.P. Stevens Co.,79 N.C. App. 324, 331, 339 S.E. 2d 490, 494 (1986). The greater weight of the credible evidence shows that plaintiff developed asbestosis as a direct result of his employment with defendant-employer. N.C. Gen. Stat. § 97-53(24). Plaintiff's last injurious exposure to the hazards of asbestos occurred during his employment with defendant-employer and he was exposed until his last day of employment with defendant-employer. N.C. Gen. Stat. § 97-57. *Page 6 
Therefore, defendant-employer is the responsible employer for plaintiff's asbestosis. Id.
2. Plaintiff's pleural thickening is also a compensable occupational disease as plaintiff has proven that exposures to asbestos in his employment with defendant-employer caused the pleural thickening, and that his employment placed him at increased risk of contracting this condition as compared to members of the general public not so employed. N.C. Gen. Stat. § 97-53(13);Rutledge v. Tultex Kings Yarn,308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983).
3. Plaintiff has failed to establish temporary total or temporary partial disability under the North Carolina Workers' Compensation Act pursuant to N.C. Gen. Stat. § 97-29 or N.C. Gen. Stat. § 97-30. N.C. Gen. Stat. § 97-54.
4. As a result of his asbestosis and his occupational pleural disease, plaintiff has sustained permanent damage to his lungs, which are important internal organs, for which he is entitled to compensation in the amount of $20,000.00 for permanent injury to each of his lungs, totaling $40,000.00. N.C. Gen. Stat. §§ 97-31(24); 97-64.
5. Plaintiff is entitled to have defendants provide all medical compensation arising from his occupational disease. N.C. Gen. Stat. §§ 97-2(19); 97-59.
6. Neither party has shown that this case was brought or defended on an unreasonable basis, therefore neither is entitled to attorney's fees. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD *Page 7 
1. Defendant shall pay compensation to plaintiff for damage to important internal organs in the amount of $40,000.00, subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his occupational disease when the medical bills have been submitted according to established Industrial Commission procedures.
3. An attorney's fee in the amount of 25% in hereby approved for plaintiff's counsel, which shall be deducted from the compensatory award to plaintiff and paid directly to plaintiff's counsel of record.
4. Defendant shall pay the costs of this action.
This the 13th day of April 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1